Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ADDIE ROBBINS**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05CV00056 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **LIFE INSURANCE COMPANY** ) | By: James P. Jones |
| **OF NORTH AMERICA,** ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

*Nancy C. Dickenson, Lebanon, Virginia, for Plaintiff; Deborah M. Russell and James F. Neale, McGuireWoods LLP, Richmond, Virginia, for Defendant.*

The issue presented in this ERISA case is whether the plan administrator abused its discretion in denying the plaintiff benefits under a group accidental death policy. Based on the administrative record, I find that the plan administrator did not abuse its discretion in denying the plaintiff's claim and grant the defendant's motion for summary judgment.

## *I. Background.*

The plaintiff, Addie Robbins, is a former employee of AT&T Wireless Service, Inc. ("AT&T"). AT&T maintains a group accidental death policy ("the Policy"),

underwritten by the defendant, Life Insurance Company of North America ("LINA"). LINA is both the insurer and the Policy administrator. The Policy provides accidental death benefits under certain terms and conditions, and, in some circumstances, children of an insured are also provided coverage under the Policy. After her daughter, Neesha Robbins, was killed in a domestic shooting, the plaintiff filed an application for dependent accidental death benefits.

In order for the plaintiff to receive dependent accidental death benefits under the Policy, her daughter must qualify as an "Eligible Dependent." (R. 84.) As is relevant here, eligible dependents are defined under the Policy as the insured's unmarried children from birth until age nineteen or age twenty-five if the child is enrolled full time in an accredited school. (R. 84.) However, the Policy goes on to state that dependent children must "have their principal residence with the Insured" and "chiefly rely on the Insured for support and maintenance" in order to qualify for benefits. The defendant determined that Neesha Robbins did not meet the definition of an eligible dependent because she did not have her principal residence with the plaintiff at the time of her death. Therefore, the defendant denied the plaintiff's claim for dependent accidental death benefits on May 11, 2004.

The letter denying Robbins' claim expressly invited her to submit additional relevant information that would disprove the defendant's findings, but Robbins failed

to submit any such documents. Robbins appealed the benefits decision on July 15, 2004, without supplying any additional evidence. On September 10, 2004, the defendant denied Robbins' appeal and upheld its previous denial of her claim. Having exhausted her administrative remedies, Robbins filed suit in the Circuit Court for Russell County challenging the denial. The defendant removed the case to this court based on federal question jurisdiction.

Robbins' cause of action arises under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2005) ("ERISA"), and jurisdiction of this court exists pursuant to 29 U.S.C.A. § 1132(f) (West 1999). On September 2, 2005, the defendant filed the administrative record of its decision to deny benefits. I ordered the plaintiff to file a brief within fifteen days after the administrative record was served upon her, but the plaintiff's lawyer failed to do so. The defendant's motion for summary judgment, filed on October 4, 2004, is presently before the court. The plaintiff has failed to respond to my subsequent order that she respond to the defendant's motion within 14 days.[1] Because neither party has requested oral argument, the case is ripe for decision.

---

[1] While Fed. R. Civ. P. 41(b) permits a district court to dismiss an action with prejudice for failure to comply with an order of the court, the Fourth Circuit has counseled that dismissal is a harsh sanction used only in "extreme circumstances," particularly in cases where, as here, the party may not be responsible for the actions of her attorney. *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974). In deciding whether to dismiss a case, I must balance the power to prevent delay with a sound public policy toward disposing of cases on their merits. *Id*. Dismissal pursuant to Fed. R. Civ. P. 41(b) is therefore inappropriate in this case.

*II. Facts.*

Robbins' daughter, Neesha Robbins, died of a gunshot wound to the chest on March 21, 2004, at the age of eighteen. Neesha Robbins' death certificate lists the plaintiff, Addie Robbins, as the informant to the coroner. (R. 132.) As informant to the coroner, the plaintiff provided her own address as Harrisburg, Pennsylvania, and her daughter's address as Ft. Wayne, Indiana. She further stated that Neesha Robbins's occupation was that of a homemaker in her own home. The coroner confirmed that Neesha Robbins was shot in her own residence in Ft. Wayne, Indiana. Additionally, various news articles about the shooting indicated that Neesha Robbins' residence was Ft. Wayne, Indiana. One such article stated that Neesha and her twin sister moved to Ft. Wayne a couple of years prior to the shooting. In the proof of loss form completed on May 3, 2004, the plaintiff indicated that her address was in Abingdon, Virginia.

In considering the plaintiff's claim, the defendant reviewed the proof of loss claim form, the news articles about the shooting, eligibility and enrollment information from AT&T, and the death certificate from the Indiana State Department of Health. After considering all of these documents, the defendant found that the evidence did not support a finding that Neesha Robbins had her principal residence with the plaintiff at the time of her death. Based on that finding, the defendant

concluded that the plaintiff was not entitled to dependent accidental death benefits and denied her claim.

In the letter denying the plaintiff's claim, the defendant advised the plaintiff of her right to appeal the decision and to submit additional evidence in support of her claim. The defendant explained that in order for dependent accidental death benefits to be payable under the Policy, the plaintiff must submit objective evidence showing that Neesha Robbins' principal residence was with the plaintiff at the time of her death and that she chiefly relied on the plaintiff for support and maintenance. The defendant further explained to the plaintiff that such evidence might include tax returns, apartment rental receipts, and police reports. The plaintiff appealed the May 11, 2004, denial of her claim, but failed to submit any additional evidence with her appeal. The letter of appeal claimed that Neesha Robbins had been living with the plaintiff and that her presence in Indiana was merely a visit, but it also verified that the plaintiff did not claim Neesha Robbins as a dependent on her tax return.

Based on a review of the plaintiff's file, the defendant again determined that Neesha Robbins did not meet the Policy's definition of an eligible dependent. This determination was based on the fact that there was no information in the file to support the claim that Neesha had her primary residence with the plaintiff. Rather, the defendant noted that the evidence in the file supported the conclusion that Neesha Robbins resided at her apartment in Ft. Wayne, Indiana, and that she was a

-5-

homemaker at that residence. Additionally, the defendant found that there was no evidence to support a finding that the plaintiff was the primary source of financial support and maintenance for Neesha Robbins. Accordingly, the defendant upheld its previous denial of dependent accidental death benefits on September 10, 2004. This action followed.

### III. *Analysis.*

The standard to be used by the court in reviewing the decision to deny the plaintiff's claim for dependent accidental death benefits is determined by the language of the Policy. If the Policy gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the Policy, the administrator's denial must be reviewed for abuse of discretion rather than de novo. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111, 115 (1989); *Boyd v. Trustees of United Mine Workers Health & Ret. Funds*, 873 F.2d 57, 59 (4th Cir. 1989). Under AT&T's Policy, the defendant has an explicit grant of discretion to "interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact." (R. 79.) Therefore, the abuse of discretion standard applies.

Under this deferential standard, the administrator's "decision will not be disturbed if it is reasonable, even if this court would have come to a different

conclusion independently." *Ellis v. Metropolitan Life Ins. Co.*, 126 F.3d 228, 232 (4th Cir. 1997). Such a decision is reasonable if it "is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997) (internal quotations omitted). "'Substantial evidence . . . is evidence which a reasoning mind would accept as sufficient to support a particular conclusion . . . [and] consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *LeFebre v. Westinghouse Elec. Corp.*, 747 F.2d 197, 208 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1996)).

In this case, however, a conflict of interest exists because the plan administrator is also the insurer. Therefore, the defendant's decision will still be entitled to deference, "but this deference will be lessened to the degree necessary to neutralize any untoward influence resulting from the conflict." *Doe v. Group Hospitalization & Med. Servs.*, 3 F.3d 80, 87 (4th Cir. 1993). *See also Booth v. Wal-Mart Stores, Inc.*, 201 F.3d 335, 343 n.2 (4th Cir. 2000). Even under this modified abuse of discretion standard, I find that the defendant acted reasonably in making its decision and that the decision was supported by substantial evidence.

The sole issue before the court is whether the defendant's determination that Neesha Robbins was not an "eligible dependent" was reasonable in light of the information contained in the administrative record. In order to determine whether

Neesha Robbins was an eligible dependent whose death would result in the payment of benefits to the plaintiff, the defendant had to determine whether Neesha Robbins had her principal residence with the plaintiff, who was insured under the Policy. All of the objective evidence in the record suggests that Neesha Robbins' principal residence was not with the plaintiff. The proof of loss form, the certificate of death, and various newspaper articles all demonstrated that Neesha Robbins lived separately from her mother at the time of her death. Despite the defendant's invitation to do so, plaintiff's counsel failed to supply any objective evidence to call the accuracy of the addresses listed in these various documents into question. Given the overwhelming evidence in support of the defendant's determination that Neesha Robbins did not share a residence with her mother and was thus not an eligible dependent under the Policy, I cannot find that the defendant's denial of benefits constituted an abuse of discretion.

### IV. Conclusion.

I find that the defendant's decision to deny benefits was the result of a deliberate reasoning process and is supported by substantial evidence. Therefore, the defendant's motion for summary judgment will be granted and an appropriate final judgment will be entered.

-9-

DATED: November 7, 2005

/s/ JAMES P. JONES
Chief United States District Judge